# IN THE COURT OF APPEALS OF IOWA

No. 20-1373
Filed November 3, 2021

IN RE THE MARRIAGE OF TRISHA PECKOSH SERRANO
AND EMILIO BERNARDO SERRANO

Upon the Petition of
**TRISHA PECKOSH SERRANO,**
        Petitioner-Appellee,

**And Concerning**
**EMILIO BERNARDO SERRANO,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Emilio Serrano appeals a remand order resulting from his prior dissolution

appeal.  **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH**

**INSTRUCTIONS.**


        Emilio B. Serrano, Des Moines, self-represented appellant.

        Tammy Gentry and Jessica Donels of Parrish Kruidenier Dunn Gentry

Brown Bergmann & Messamer L.L.P., Des Moines, for appellee.


        Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

The district court entered a decree dissolving the marriage of Emilio Serrano and Trisha Peckosh, formerly known as Trisha Serrano. Emilio appealed. This court issued an opinion modifying the decree and remanding for further proceedings. *In re Marriage of Serrano*, No. 19-0785, 2020 WL 3264380, at *4–8 (Iowa Ct. App. June 17, 2020). Among other things, our opinion instructed the remand court to impose a lien on Emilio's home to enforce his child and spousal support obligations. *Id.* at *7. Our opinion also concluded Trisha was entitled to appellate attorney fees and instructed the remand court "to determine a reasonable amount for the award." *Id.* at *8. The remand court entered an order consistent with those instructions. Now, Emilio appeals the remand court's order. We affirm.

First, Emilio claims the remand court erred in its award of attorney fees. We review attorney fee awards for abuse of discretion. *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995). And "discretionary decisions of the trial court are presumed to be correct until the contrary is shown by the complaining party." *Bremicker v. MCI Telecomms. Corp.*, 420 N.W.2d 427, 428 (Iowa 1988).

Before the remand court, Trisha's attorney provided an affidavit showing $8330 in fees related to the prior appeal. The remand court found that claim reasonable. And Emilio has not shown that the court's ruling was an abuse of discretion. So we affirm.

Emilio also contends the lien placed on his home by the remand court violates the federal bankruptcy code. It does not appear error was preserved on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised

and decided by the district court before we will decide them on appeal."). In any event, on remand, the district court is obligated to carry out the appellate court's instructions. *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2000).

Emilio also claims the district court erred by denying his motion for access to his children's medical records. Emilio draws our attention to Iowa Code section 598.41(1)(e) (2020), which provides that "[u]nless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records."

As with all statutes, we look for the meaning of section 598.41(1)(e) in its words. *See, e.g.*, *In re S.P.-G.*, 954 N.W.2d 793, 797 (Iowa Ct. App. 2020) (following "the simple language chosen by the legislature"). Those words offer some support to Emilio: because he is a "parent," and because the parties' decree does not order "otherwise," section 598.41(1)(e) appears to give Emilio "legal access to information concerning the child, including . . . medical . . . records."

"In all matters, though, we must follow the precedents of our supreme court." *NCJC, Inc. v. WMG, L.C.*, 2020 WL 2478670, at *2 (Iowa Ct. App. May 13, 2020), *aff'd*, 960 N.W.2d 58 (Iowa 2021). And in *Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, our supreme court explained that the rights "given to parents under section 598.41(1)(e) are tempered by the overriding principle that when dealing with a matter concerning a child whose custody was determined by a court decree in a dissolution-of-marriage action, the first and governing consideration a court must apply is the best interest of the child." 764 N.W.2d 534, 538 (Iowa 2009). So, the court held, "where a parent requests his or

her child's mental health records [but] a mental health provider claims the release of such information is not in the child's best interest, the court must determine whether the records should be released applying the best-interest-of-the-child test." *Id.* We believe the same applies to cases like this one, in which one parent seeks court-ordered access to a child's records but the other parent raises a best-interests objection. *See id.*

Here, the district court denied Emilio's request but did not address the best-interest issue.[1] For the reasons explained, we reverse and remand for a determination of whether Emilio's motion should be granted "applying the best-interest-of-the-child test." *See id.*

Finally, Trisha requests attorney fees for this appeal. "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision." *In re Marriage of Lyndolph*, No. 20-0679, 2021 WL 2453050, at *5 (Iowa Ct. App. June 16, 2021). We have previously noted Emilio's greater ability to pay attorney fees. *Serrano,*

---

[1] The district court reasoned that because Trisha "is the sole legal custodian" of the children, Emilio has "no right or privilege to have the children's medical records." To whatever extent our unpublished decision in *In re Marriage of Dowell* supports this approach, we decline to follow it. No. 13-1281, 2014 WL 6977108, at *3 (Iowa Ct App. Dec. 10, 2014) ("Because Dowell does not have legal custody, he is not entitled to the children's medical records."); *see* Iowa R. App. P. 6.904 (stating unpublished opinions "shall not constitute controlling legal authority"). Through its plain language, section 598.41(1)(e) extends certain rights to "parents." It contains no categorical exclusion for parents who lack legal custody. And we are "constitutionally prohibited" from creating one. *See In re S.P.-G.*, 954 N.W.2d at 797 (quoting *Hansen v. Haugh*, 149 N.W.2d 169, 172 (Iowa 1967) (noting "[i]t is not the function of courts to legislate and they are constitutionally prohibited from doing so" (citing Iowa Const. art. III, § 1)).

2020 WL 3264380, at *8.  We also consider each party's partial success in this appeal.  Finally, we have considered the affidavit of attorney fees submitted by Trisha's counsel.

All things considered, we conclude Trisha is entitled to part of her appellate attorney fees.  We award fees in favor of Trisha and against Emilio in the amount of $1000.00.  Emilio shall satisfy this award within thirty days after procedendo issues.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.**